# Kolinsky *v.* Boyajian, Trading as Central Cleaning & Dyeing Company, Appellant.

*Bailments—Bailment contracts—Failure to return goods—Damages—Demand—Agency—Evidence.*

In an action of assumpsit for the value of certain articles given to a tailor for cleaning and repairs, a verdict for the plaintiff will be sustained, where the evidence established that the defendant had failed to return certain of the articles, and refused to deliver the balance unless a receipt for all of the goods was signed by the plaintiff.

Where a demand was made upon the bailee he cannot defend on the ground that the demand was not made to the proper person, when the bailee himself was present at the time, although the negotiations were conducted with his representative.

Argued October 17, 1921. Appeal, No. 201, Oct. T., 1921, by defendant, from judgment of Municipal Court of Philadelphia, Nov. T., 1920, No. 579, in favor of plaintiff in case tried by the court without a jury in suit of Philip Kolinsky v. Peter Boyajian, trading as Central Cleaning & Dyeing Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on contract of bailment. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff for $125. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Paul Reilly,* for appellant.

*Joseph Gross,* and with him *Harry Balis,* for appellee.

OPINION BY PORTER, J., November 21, 1921:

The plaintiff is a tailor and has an establishment at which he manufactures clothing and buys and sells new and second-hand clothing. The defendant conducts a cleaning and dyeing establishment. The statement of the plaintiff averred that he had delivered to the defendant certain clothing for the purpose of cleaning or dyeing, which the defendant agreed to return within a reasonable time, but had failed to comply with the agreement to return the goods. The case was tried by a judge of the court below, without the intervention of a jury, and the trial having resulted in a finding and judgment in favor of the plaintiff, the defendant appeals.

The action was in assumpsit and the pleadings raise no question as to the ownership by the plaintiff of all the goods which he had delivered to the defendant. The affidavit of defense admitted that all the goods had been delivered to the defendant, but denied that the articles, respectively, were of the value alleged in the statement; it averred that certain articles specified had been returned to the plaintiff and that the other articles had been by the defendant tendered to the plaintiff at various times, but that plaintiff had refused to pay for the work which defendant had done and that defendant retained possession of said articles for the lien which he had the right to assert upon them. The issues upon which the court was required to pass were not identical as to all the goods involved. Concerning the goods which the defendant asserted he had returned the only question which the court was called upon to consider was the fact of that return and, if that question was determined against the defendant, the value of the goods. With regard to the other goods involved the question was whether the defendant had offered to return them within a reasonable time and the plaintiff had refused to pay the charges for the work which defendant had done upon them, and if this question was determined against the defendant, the value of those goods. The trial judge found against the

defendant as to both lots of goods, his findings upon those questions and as to the value of the goods were supported by competent evidence, and the first specification of error is overruled.

The pleadings did not raise any question as to whether the plaintiff had made a demand for the return of his goods and the specifications of error which attempt to raise that question are dismissed. There was certainly no necessity for proving that the plaintiff had made a demand for goods which the defendant was asserting he had already returned. The plaintiff produced evidence which warranted a finding that the wife of the plaintiff, representing him, had gone to the business establishment of the defendant and there demanded some of the goods which the defendant admits he did not return and being informed as to the charges for the work done tendered that amount but the person in charge of the establishment refused to deliver to her the goods unless she would sign a receipt not only for those particular goods but for all the goods which defendant had received from the plaintiff. Some of the specifications of error raise a question as to the authority of the person with whom plaintiff's wife dealt to represent the defendant. The wife testified that she went to the defendant's place of business and there talked to the person in charge of the establishment, who seemed to be acting as manager. She testified that the person with whom she talked was the son of the defendant, in this she may have been mistaken, but what is material is that she testified that the defendant was himself there, that he tried to talk with her, but could not, that he called the son and talked to him in his own language; "He has got a different language." She testified distinctly "The other fellow was there and talked with me, and the father was standing by the side." The fact that the person with whom she talked seemed to be in charge of the establishment, that the defendant was himself there, was sufficient evidence of the authority of the agent to represent his principal in

such a transaction as the delivery or refusal to deliver goods upon which work had been done in the regular course of the business. The specifications of error which raise the question of the sufficiency of the evidence as to a demand and the authority of the agent with whom the wife of plaintiff dealt when the demand was made are without merit. The testimony as to the value of the goods was entirely sufficient. The witness who gave that testimony, the plaintiff, was himself a tailor, had been a dealer in clothing for many years and had himself examined the articles in question. The fifth and sixth specifications of error are overruled.

The controversy between these parties had led to a trial in the criminal court, in which this defendant was charged with some offense, the nature of which is not clearly indicated by the evidence in the court below. Counsel for the defendant interrogated the wife of the plaintiff as to certain parts of her testimony given at the trial of the criminal case, apparently for the purpose of disclosing that her testimony at that time had not been in harmony with her testimony in the present case, the alleged discrepancy relating to the identity of the man with whom she had dealt at defendant's place of business. The defendant was permitted to show by a witness who had been present at the former trial what the testimony of plaintiff's wife had been upon that occasion. Having been thus permitted to produce evidence, by a witness who had actually heard Mrs. Kolinsky testify, counsel for the defendant then made this offer: "I offer in evidence the testimony of Reba Kolinsky given in the other case, the Commonwealth v. Peter and Michael Boyajian, in the matter in which she was cross-examined here to-day." An objection to this offer was sustained, to which the defendant excepted, and upon this exception the eighth specification of error is founded. This was not an offer to prove by a witness who had been present what Mrs. Kolinsky testified. It may be assumed that it referred to some notes of testimony, but the offer

and bill of exceptions does not disclose by whom the notes of testimony had been taken. The bill of exceptions does not indicate that the notes of testimony had been certified, as genuine by any person having authority to so certify, nor that it was proposed in any other manner to establish their genuineness. The notes of testimony, if such the paper was, do not appear to have been identified, nor are they printed in the appellant's paper-book. This being the case we would not be warranted in holding that the court below erred in sustaining the objection to the offer, and the eighth specification is overruled. The evidence would not have warranted the court in entering judgment in favor of the defendant, and the ninth specification of error is dismissed.

The judgment is affirmed.